The opinion of the Court was delivered by
O’Neall, J.
Wé concur with the Chancellor, that the sons of Stephen Mazyck, under the thirteenth clause of his will, took a fee, in the land devised to him during life, and after his death to his wife for life, by Benjamin Mazyck, with the power of appointment by his will, among his children, grandchildren, or great-grandchildren, after her death.
The effect of the appointment, as to the quantity of estate created by it, must be judged of by the same rules as if the property had belonged to the person making the appointment.
The estate which Stephen had the power to devise, under the codicil of Benjamin Mazyck, was the reversion in fee after the death of his wife. Out of it he carved, first, an estate for life to his sons; second, to the children of his sons; and third, cross remainders among his sons, upon the contingency of either dying without children; — the ultimate reversion in fee, upon all these estates failing, was, however, not disposed of in the direct devises to the sons.
The thirteenth clause may be properly termed the residuary clause, under his power of appointment. It is in the following words: “ I give, devise, and bequeath, the rest, residue and remainder of my estate, real and personal, whatsoever and wheresoever, including any estate, real or personal, not herein before particularly devised and bequeathed, which I may have derived under the will of my father, unto my sons, Benjariiin, Paul and Alexander, and unto such child or children whereof my wife may be encient at my death, who may be born alive, share and share alike, and to their heirs, executors, administrators and assigns forever.” The intention to execute the power of appointment, by devising the whole estate in the land, is most obvious, and the only question is, does the ultimate reversion in *280 fee pass under this clause ? If it was so intended — and this is manifested by the words used — it will be conceded that it must take effect. It was supposed that this clause had only relation to such parts of the estate as had not been previously mentioned in the will of Stephen. But that construction cannot prevail: for the words used are “ any estate, real or personal, not herein before particularly devised and bequeathed.” What estate in the land was not, in the will, before particularly devised and bequeathed? The ultimate reversion in fee is the answer. However strange it may appear to us, that he should devise to them the ultimate reversion, upon the failure of their own and their children’s estates, yet there is nothing to prevent it from having legal effect. When stripped of the confusion of the different clauses, devising to the sons separate estates for life, and to their children after their deaths, the effect of the whole will, taken together, is, that the sons (for there was no child or children of which his wife was encient at his death) take a joint estate in fee in the land, to be defeated by all, or either, leaving issue living at their or his death, when the estate in fee would be severed, the issue taking in fee the particular lands devised to their respective fathers for life.
In 1 Rob. on Wills, 489, it is said “ that a residuary clause will extend to every latent reversion which the testator might have in him, unless it be expressly excluded by devise to some other person.” This rule must apply to the construction of a will, making an appointment, as well as to a devise of the testator’s own estate. The object, in both cases, is to ascertain, by a fixed rule, what was the intention. The devisor appointing, stands in the place of the person from whom he derives his power, and, if his devise is within its limits, and clearly indicates an intention to devise, its effect must be judged of by the same rule which would have applied to the same devise by his devisor or grantor. If this clause had been found in the will of Benjamin Mazyek, after the devises oí estates for life to, the sons of Stephen, and after their deaths, to their children, with cross remainders to the sons, the latent reversion in him *281 must have passed under it: for, in the language of the authority, it is not “expressly excluded by a devise to some other person.”
The next question relates to the trust deed from Paul R. Mazyck, in favor of his mother, brothers and sisters. This deed is not set out in the bill, as part of the complainants’ title to relief; it is referred to in the schedule annexed to the marriage settlement, which is filed as an exhibit. This I do not think was sufficient. It might have been enough in a bill for discovery. But when it is made the ground of relief, it should have been charged in the bill to have been executed, and filed as an exhibit. Unless this is done, it will be impossible to say, from the record, that the complainants are entitled to relief in .this respect. It might be that the deed, on being charged and exhibited, would at once appear to be void, or that other parties, not before the Court, were necessary to an adjudication upon it. The latter supposition turns out, in this case, to be true. The trustees named in the deed, or the survivor of them, are parties in interest. For the trust, either entirely or partially, may not be executed, and, if so, the legal estate in the whole, or part of the property conveyed by the deed, is in them, and it follows that they must be made parties, before any decree in the cause can divest it. So, too, I apprehend, the executor of Paul R. Mazyck, or if there is no qualified executor, his administrator cum testamento annexo, must be made a party. For it may be that debts exist against his estate, which would be entitled to be paid out of the property conveyed by the deed of trust: and if so, his executor or administrator can alone bring them before the Court. It is true that these objections are brought to the view of the Court at a very late period of the cause, but still they are such as must be listened to at any stage of the case : for, until remedied, they must prevent a decree for relief under the deed of trust.
In the case of Jones vs. Jones, 3 Atk., 110, the bill charged forgery in a lease, and prayed to be relieved against that; but, by way of- inducement, only mentioned there were fraudulent *282 circumstances attending this case, without making it a distinct charge from the forgery, or bringing tlie trustees, who were parties to the lease, and to whom the fraud was imputed, before the Court, and for the want of this the defendant’s counsel-objected to the plaintiff’s going on with the cause. Lord Hard-wicke said, as there had been already a decretal order, and an issue to try the forgery, and brought on now upon the Equity reserved, the only method to assist this case was to let the cause stand over, and to allow the plaintiff, on paying the costs of the day, to bring a supplemental bill, in which he may charge the fraud and make the trustees parties.
This authority, it seems to me, covers two of the objections taken — the necessity of setting out the trust deed, and that the trustees or the survivor should be made parties: for, in this case, as in that cited, the trust deed in this, as the fraud in that, is the ground of relief, and it is not made a distinct substantive charge; it can be hardly considered as even stated by way of inducement, and the trustees or the survivor are, or is, the party against whom the legal relief is to be obtained.
In the case of Humphreys vs. Humphreys, 3 P. Wms., 349, and of Farley vs. Farley, 1 McC. Ch., 514, the rule is distinctly established, that the Court will not decree upon the rights of a deceased person, until his executor or administrator is made a party, complainant or defendant, even although the person entitled to administration may be a party.
It is ordered and decreed, that so much of Chancellor Johnston’s decree as conflicts with this opinion be modified, according to the principles herein contained, and that the cause be remanded to the Circuit Court, and that the complainants have leave to amend their bill, by setting out the trust deed executed by Paul R. Mazyck, in favor of his mother, brothers and sisters, and to make the trustees, or the survivor, and the executor, or administrator, with the will annexed, of the said Paul R., parties to this cause.
Johnson and Harper, JJ., concurred.

Decree modified.